**HAN VINH PHU, a.k.a. Han Unh Phu, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–70335.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2012.[*]

Filed Oct. 15, 2012.

Han Unh Phu, Alameda, CA, pro se.

Bernard Joseph, U.S. Department of Justice, Washington, DC, for Respondent.

Before: RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

MEMORANDUM [**]

Han Vinh Phu, a native and citizen of

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Vietnam, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order. We dismiss the petition for review.

We lack jurisdiction over this petition for review because Phu made a considered and intelligent waiver of his right to appeal. *See United States v. Estrada–Torres*, 179 F.3d 776, 781 (9th Cir.1999) ("Because the immigration judge explained the right to appeal to [petitioner] and individually asked him specifically if he wanted to appeal his deportation order, his waiver of his right to appeal was 'considered and intelligent.'"), *overruled on other grounds by United States v. Rivera–Sanchez*, 247 F.3d 905 (9th Cir.2001); *cf. Biwot v. Gonzales*, 403 F.3d 1094, 1098 (9th Cir.2005) (where a waiver of appeal was not knowing and considered, the waiver does not strip the court of jurisdiction).

We lack jurisdiction to address Phu's contention regarding the IJ's aggravated felony determination because he failed to exhaust it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Phu's remaining contentions are unavailing.

**PETITION FOR REVIEW DISMISSED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.